UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JUAN J. MEJIA
and other similarly-situated individuals,

    Plaintiff(s),

v.

FLORIDIAN HOTEL, INC.,
RICHARD GROH and
DONALD GROH, individually

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JUAN J. MEJIA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants FLORIDIAN HOTEL, INC., RICHARD GROH and DONALD GROH, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JUAN J. MEJIA is a resident of Miami, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant FLORIDIAN HOTEL, INC. (hereinafter FLORIDIAN HOTEL) is a for profit Florida corporation having place of business in Miami-Dade County, Florida, where

Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants RICHARD GROH and DONALD GROH were and are now, the owners/partners, and Managers of Defendant Corporation FLORIDIAN HOTEL. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JUAN J. MEJIA to recover from Defendants half-time overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant FLORIDIAN HOTEL is a business that provides hotel/hospitality services. FLORIDIAN HOTEL is located at 990 Homestead Blvd, Homestead, FL 33033.

8. Defendant FLORIDIAN HOTEL employed Plaintiff JUAN J. MEJIA as a non-exempt hourly employee approximately from February 17, 2014, to March 25, 2016, or a total of 109 weeks. Plaintiff worked as a Laundry Department's employee and his wage rate was $10.00 an hour.

9. During his employment with Defendant FLORIDIAN HOTEL Plaintiff had a regular schedule.  Plaintiff worked 6 days per week an average of 72.5 hours. Plaintiff worked Mondays, Tuesdays and Wednesdays from 8:00 AM to 8:00 PM (12 hours each day); usually Plaintiff had Thursdays off; on Fridays Plaintiff worked from 8:00 AM to 8:30 PM

(12.5 hours); on Saturdays Plaintiff worked from 8:00 AM to 11:00 PM (15 hours); and on Sundays Plaintiff worked from 8:00 AM to 8:00 PM (12 hours). These working hours totaled a minimum of 72.5 hours every week. Plaintiff has deducted 3 hours of lunch-time taken, or 0.5 hour x 6 days= 3 hours weekly).

10. Plaintiff worked in excess of 40 hours, and he was entitled to be paid for overtime hours at the rate of time and a half his regular rate. However, Plaintiff was paid for overtime hours at his regular rate.

11. Plaintiff punched in and out, and Defendant knew that Plaintiff and other similarly situated were working overtime hours. Nevertheless, Plaintiff was not paid for overtime hours at the rate of time and a half his regular rate, as established by law.

12. Plaintiff was paid weekly on cash basis without any paystub providing basic information such as total number of hours worked, wage rate, employment taxes withheld etc., etc.

13. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions.

14. On or about March 25, 2016, Defendant RICHARD GROH terminated Plaintiff's employment.

15. Plaintiff JUAN J. MEJIA seeks to recover half-time for every hour that he worked in excess of 40, and any other relief as allowable by law.

16. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of

time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

17. Plaintiff JUAN J. MEJIA re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

18. This cause of action is brought by Plaintiff JUAN J. MEJIA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2013, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

19. Defendant FLORIDIAN HOTEL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and, through its business activity, affects interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engage in interstate commerce. Defendant employs more

than two employees directly engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

20. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff worked as a laundry department employee. Through his daily activities Plaintiff was engaged in activities which are closely related and directly essential to the production of goods/services for interstate commerce. Therefore, there is FLSA individual coverage.

21. Defendant FLORIDIAN HOTEL employed Plaintiff JUAN J. MEJIA as a non-exempt hourly employee approximately from February 17, 2014, to March 25, 2016, or a total of 109 weeks. Plaintiff worked as a laundry department's employee and his wage rate was $10.00 an hour.

22. During his employment with Defendant FLORIDIAN HOTEL Plaintiff worked 6 days, an average of 72.5 hours per week

23. Plaintiff worked in excess of 40 hours, and he was entitled to be paid for overtime hours at the rate of time and a half his regular rate. However, Plaintiff was paid for overtime hours at his regular rate.

24. Plaintiff punched in and out, and Defendants kept track of hours worked by Plaintiff and other employees similarly situated.

25. Therefore, Defendant failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

26. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the

possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

27. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on preliminary calculations and that these figures could be subject to modifications as discovery could dictate.
(Plaintiff worked an average of 60 hour weekly for approximately 12 weeks in 2014)

  a. Total amount of alleged unpaid O/T wages:

  Sixteen Thousand Nine Hundred Dollars and 50/100 ($16,962.50)

  b. Calculation of such wages:

  Relevant weeks of employment:  109 weeks

  **1. Half-Time for 97 weeks worked an average of 72.5 hour per week.**

  Total hours worked:  72.5 hours weekly
  Total paid hours: 72.5 hours
  Total O/T hours paid at regular rate: 72.5 hours weekly
  Regular rate: $10.00 an hour x 1.5= $15.00 O/T rate
  $15.00 O/T rate – 10.00 rate paid=$5.00 half-time difference
  Half time: $5.00 an hour

  Half-time $5.00 x 32.5 O/T hours=$162.50 weekly x 97 weeks = $15,762.50

  **2. Half-Time overtime for 12 weeks (June, July and August 2014) worked an average of 60 hours per week**

  Total hours worked:  60 hours weekly
  Total paid hours: 60 hours
  Total O/T hours paid at regular rate: 60 hours weekly
  Regular rate: $10.00 an hour x 1.5= $15.00 O/T rate
  $15.00 O/T rate – 10.00 rate paid=$5.00 half-time difference
  Half time: $5.00 an hour

  Half-time $5.00 x 20 O/T hours=$100.00 weekly x 12 weeks = $1,200.00

      c.   <u>Nature of wages (e.g. overtime or straight time):</u>

      This amount represents unpaid half-time overtime wages.

29. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

30. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

31. At the times mentioned, individual Defendants RICHARD GROH and DONALD GROH were the owners/partners/managers of FLORIDIAN HOTEL Defendants RICHARD GROH and DONALD GROH were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of corporate Defendant in relation to its employees, including Plaintiff and others similarly situated. Defendants RICHARD GROH and DONALD GROH had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and are jointly liable for Plaintiff's damages.

32. Defendants FLORIDIAN HOTEL, RICHARD GROH and DONALD GROH willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN J. MEJIA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JUAN J. MEJIA and other similarly-situated individuals and against the Defendants FLORIDIAN HOTEL, RICHARD GROH and DONALD GROH on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JUAN J. MEJIA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JUAN J. MEJIA demands trial by jury of all issues triable as of right by jury.

Dated: April 18th, 2016 ,

           Respectfully submitted

           By: **/s/ Zandro E. Palma**
           ZANDRO E. PALMA, P.A.
           Florida Bar No.: 0024031
           9100 S. Dadeland Blvd.
           Suite 1500
           Miami, FL 33156
           Telephone: (305) 446-1500
           Facsimile:  (305) 446-1502
           zep@thepalmalawgroup.com
           *Attorney for Plaintiff*

Case 1:16-cv-21380-JLK   Document 1   Entered on FLSD Docket 04/18/2016   Page 9 of 9